# 99 DTA 131

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

LUIS G. SUAREZ MARTINEZ H/N/C/ LUIS G. SUAREZ AND ASSOCIATES, SU ESPOSA IVELISSE MIRANDA COLON Y LA SOCIEDAD DE BIENES GANANCIALES CONSTITUIDA POR AMBOS
Demandantes-Apelantes

v.

MUNICIPIO DE GUAYAMA
Demandado-Apelado

Núm. KLAN-98-01057

San Juan, Puerto Rico, a 23 de marzo de 1999

Panel integrado por su Presidenta, la Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Colón Birriel, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

Los entonces demandantes, hoy apelantes, Luis G. Suárez Martínez H/N/C Luis G. Suárez and Associates, su esposa Ivelisse Miranda Colón y la Sociedad Legal de Gananciales constituida por ambos *("los apelantes")*, solicitan la revocación de una *"Sentencia Sumaria"* emitida por el Tribunal de Primera Instancia, Sala Superior

de Guayama, el 31 de julio de 1998, notificada de su archivo en autos el 10 de agosto de ese mismo año. Mediante el referido dictamen se declaró *"No Ha Lugar" una "Solicitud de Sentencia Sumaria"* presentada por los apelantes y en su lugar se dictó otra a favor del entonces demandado, hoy Apelado, Municipio de Guayama *("el municipio")*, reconociéndole su derecho a retener la cantidad de $72,988 de los $95,068.33 que el municipio reconoció adeudarles a los apelantes, por entender que proceden de pagos en exceso realizados por el municipio a éstos. En su consecuencia, se redujo a $22,080.33 la cantidad reclamada por los apelantes. El Municipio sometió su alegato. Con el beneficio de los escritos de las partes, resolvemos, no sin antes exponer el trasfondo fáctico y procesal que dio origen al recurso. Veamos.

## II

El 9 de marzo de 1995, el Ingeniero Luis G. Suárez Martínez *("ingeniero Suárez")* suscribió con el municipio, representado por su Alcalde Héctor L. Colón Mendoza, un documento o convenio titulado *"Contrato de Servicios de Ingeniería/Arquitectura/Supervisión"* para la construcción de un proyecto en dicho Municipio. (Contrato Número 95-096).

Mientras el ingeniero Suárez realizaba los trabajos objeto del antes mencionado contrato, el municipio recibió el Informe de Auditoría Número M-93-8, preparado por la Oficina del Contralor de Puerto Rico *("Oficina del Contralor")*. Entre los señalamientos reflejados en el informe se desprende que el municipio había pagado al ingeniero Suárez indebidamente la cantidad de $79,984.00, por concepto de unos contratos de servicios profesionales suscritos por él y el municipio en el pasado. (Contratos números 87-135 y 87-138-A).

El municipio revisó los señalamientos y sometió cierta información y documentación ante la Oficina del Contralor. Alegó que el señalamiento no era del todo correcto puesto que, de acuerdo a lo sometido, procedía reconocerle unos créditos al ingeniero Suárez. Posteriormente, el 8 de abril de 1996, la Oficina del Contralor emitió una evaluación al Informe Complementario al Plan de Acción Correctiva (ICP-1) para el Informe de Auditoría M-93-8 del municipio, reduciendo la cantidad a recobrar por concepto de honorarios pagados en exceso y pagos duplicados al Ingeniero Suárez, de $79,984.00 a $72,988.00.

El 12 de junio de 1995, el Asesor Legal de la Oficina del Comisionado de Asuntos Municipales cursó una comunicación al municipio en atención a una previa consulta, expresándole que el Artículo 8.0008 de la Ley de Municipios Autónomos, Ley Núm. 81 del 30 de agosto de 1991, 21 L.P.R.A. Sección 4358, autorizaba a los municipios a retener pagos a quienes por cualquier concepto tuvieren deudas vencidas con un municipio. Informó que el municipio le podía retener los pagos al ingeniero Suárez hasta que su deuda con éste fuera satisfecha.

Así las cosas, el municipio comenzó de forma extrajudicial a realizar gestiones de cobro con el ingeniero Suárez. Le advirtió, que conforme al Artículo 8.003 y al 8.008 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4353 y 4358, el municipio estaba impedido de continuar realizando pagos por concepto de los trabajos descritos en el contrato Núm. 95-096 hasta tanto él resolviera con el municipio la reclamación del pago indebido.

Ante esta situación, los apelantes presentaron *"Demanda"* el 5 de agosto de 1996, según enmendada a través de su *"Primera Demanda Enmendada"*. Alegaron, en síntesis, que el 9 de mayo de 1995, el ingeniero Suárez había suscrito con el Municipio, por conducto de su alcalde, un *"Contrato de Servicios de Ingeniería/Arquitectura/ Supervisión"*, para la construcción de ciertos proyectos de construcción para el municipio; que los trabajos fueron realizados de conformidad a lo estipulado y a virtud del contrato Núm. 95-096 se le adeudaba la suma de $95,068.33, y que las razones para no pagarle la mencionada suma de dinero surgían de los señalamientos efectuados por la Oficina del Contralor en un Informe de Auditoría al Municipio, que los señalamientos eran erróneos y respondían más bien a errores matemáticos, de la apreciación y/o interpretación.

El municipio contestó la demanda oportunamente reconociendo la deuda de $95,068.33 que tenía con los apelantes bajo el contrato 92-180. Alegó como defensas afirmativas, entre otras, que estaba impedido de efectuar el pago reclamado a virtud del Artículo 8.008 de la Ley Núm. 81 del 30 de agosto de 1991, *supra*, el que disponía, en su parte pertinente, que no se efectuarían pagos a ninguna persona natural o jurídica que tuviese deudas vencidas por cualquier concepto con un Municipio o el Gobierno Central. Reconvencionó, alegando que los apelantes le adeudaban al municipio la suma de $79,984 correspondientes a pagos realizados en exceso para el período de diciembre de 1987 a marzo de 1992, por concepto de contratos de diseño y especificaciones realizados en el Complejo Deportivo del Desvío Sur.

Luego de varios incidentes procesales y transcurrido el descubrimiento de prueba, el 23 de octubre de 1997, los apelantes presentaron una *"Solicitud de Sentencia Sumaria"* apoyándola con abundante prueba documental. Se pretendía establecer mediante el escrito: a) que los señalamientos de la Oficina del Contralor, que según lo alegado por el municipio impedían pagarle los $95,068.73 al ingeniero Suárez, eran erróneos; y b) que tanto los trabajos realizados como el método de pago y los pagos efectuados por otros trabajos objetos de los señalamientos, estaban correctos.

Solicitaron se dictara sentencia sumaria a su favor, se condenara al municipio a pagarles $95,068.33 y se determinare que no existía deuda alguna de ellos para con el municipio.

Por su parte, el municipio presentó su contestación a la solicitud de los apelantes, acompañando evidencia documental en su apoyo. Las partes sometieron el asunto ante la consideración del tribunal, entendiendo éstas y el tribunal que todos los documentos y evidencia conocida habían sido sometidos con la *"Solicitud de Sentencia Sumaria"* presentada por los apelantes y con la contestación a la misma sometida por el municipio, razón por la cual no había controversia de hechos, excepto la deuda surgida a raíz de los señalamientos hechos por la Oficina del Contralor.

Sometido el caso, el Tribunal de Primera Instancia, considerando que el municipio admitió adeudar a los apelantes la cantidad de $95,080.33 y en atención a que la evaluación emitida por la Oficina del Contralor redujo la cantidad a recobrar de éstos a $72,988.00, procedía que el municipio retuviera dicha cantidad conforme a las disposiciones de la Ley de Municipios Autónomos, *supra*. Así las cosas, el 31 de julio de 1998, el foro de instancia emitió la sentencia objeto del presente recurso, dictaminando que el municipio le adeudaba a los apelantes la cantidad de $22,080.33.

Inconforme, los apelantes recurren ante nosotros alegando que el foro de instancia incurrió en el error que transcrito literalmente se lee como sigue:

*"Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la sentencia sumaria radicada por el apelante, y en su lugar dictarla a favor de la parte apelada basando la misma en los señalamientos erróneos de la contralor y no en la evidencia no controvertida sometida por el apelante que demuestra que no existe deuda a favor del municipio y sí lo contrario."*

### III

La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, autoriza a un tribunal a dictar sentencia sumaria en un caso, cuando de los documentos y declaraciones sometidos en apoyo a la moción quedara demostrado que no existe controversia real sustancial en cuanto a ningún hecho material y que sólo resta aplicar el derecho. La sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. *Guerrido García v. Universidad Central de Bayamón*, 79 D.P.R. a la pág. 1104; *P.F.Z. Properties Inc. v. General Accident Insurance Co.*, ___ D.P.R. ___ (1994), **94 J.T.S. 116**, a la pág. 125; *Consejo de Titulares del Condominio Parkside, etc. v.*

*MGIC Financial Corporation*, ___ D.P.R. ___ (1991), **91 J.T.S. 54**; *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272, 279-280 (1990); *Nassar Rizek v. Salvador O. Hernández,* 123 D.P.R. 360 (1989); *Corp. of Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. ___ (1997).

El fin de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de los documentos no controvertidos surge que no existen controversias de hechos, sino lo que resta es aplicar el derecho. *Caquías Mendoza v. Asociación Residentes Mansiones de Río Piedras*, 135 D.P.R. ___ (1993), **93 J.T.S. 127**; *Cuadrado Lugo v. Santiago Rodríguez, supra.*

No obstante, el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Si existen dudas sobre la existencia de una controversia de hechos éstas deben resolverse en contra de la parte que solicita la sentencia sumaria. Véase, *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos*, ___ D.P.R. ___ (1997), **97 J.T.S. 147**, a la pág. 400; *Bonilla Medina v. Partido Nuevo Progresista*, ___ D.P.R. ___ (1996), **96 J.T.S. 33**, a la pág. 790; *PFZ Properties, Inc. v. General Accident Insurance Co., supra; Mercado Vega v. U.P.R.*, 128 D.P.R. 273 (1991). El procedimiento sumario no permite que el tribunal dirima cuestiones de credibilidad. *Col. de Ingenieros y Agrimensores de P.R. v. A.A.A.*, ___ D.P.R. ___ (1992), **92 J.T.S. 137**, a la pág. 10025.

Para derrotar una moción de sentencia sumaria, la parte promovida deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. Sin embargo, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. *PFZ Properties, Inc. v. General Accident Co., supra; Rivera Santana v. Superior Packing*, 133 D.P.R. ___, **92 J.T.S. 165**, a la pág. 10165; *Consejo de Titulares del Condominio Parkside v. MGIC, supra; Cuadrado Lugo v. Santiago Rodríguez, supra; Corp. Presiding Bishop of LDS v. Purcell, supra*, pág. 721; *Flores v. Municipio*, 114 D.P.R. 521 (1983).

Por otro lado, al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal, *Medina Morales v. Merck, Sharp & Dome*, 136 D.P.R. ___ (1994), **94 J.T.S. 52**, a la pág. 11786; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido refutadas en forma alguna por los documentos. Sin embargo, el tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho, no procede. *Corp. Presiding Bishop CJS of LDS v. Purcell, supra; PFZ Properties, Inc. v. General Accident Insurance Co., supra.*

Luego de un minucioso estudio de los escritos ante nosotros, entendemos que surge de éstos una controversia real sobre los señalamientos de la Oficina del Contralor referentes a los trabajos anteriores que realizó el ingeniero Suárez que le fueron alegadamente pagados en exceso por el municipio; véase *"Solicitud de Sentencia Sumaria"*, escrito de apelación, página 18 del apéndice. El municipio así se lo hizo saber al ingeniero Suárez mediante carta fechada 19 de junio de 1995.

Los apelantes, en su solicitud de sentencia sumaria, hicieron un desglose de los trabajos realizados explicando la procedencia de los honorarios y el dinero desembolsado por el municipio. Alegaron que la deuda objeto de la reclamación era sólo un señalamiento de la Oficina del Contralor por unos contratos anteriores que en nada tienen que ver con la reclamación objeto de su reclamación.

Somos del criterio que si bien es cierto que esos contratos son independientes de la reclamación del ingeniero

Suárez, no es menos cierto que de ser esos señalamientos correctos los mismos crearían una deuda de parte de los apelantes a favor del municipio. Para llegar a esa conclusión se hace necesario la celebración de una vista en donde se le de la oportunidad a las partes para dilucidar los referidos señalamientos. Es decir, para cumplir con los requisitos del debido proceso de ley, es necesario que el municipio pruebe que los señalamientos de la Oficina del Contralor son correctos, que existe una deuda líquida, vencida y exigible. Por su parte, los apelantes tendrán la oportunidad de defenderse y presentar pruebas para rebatir los alegados señalamientos. Por otro lado, a nuestro juicio y como razón adicional, la Ley de Municipios Autónomos, *supra*, ni la Ley que crea la Oficina del Contralor, 2 L.P.R.A. Secciones 171 y siguientes, ni la Ley que crea la Oficina de Asuntos del Contralor adscrita al Departamento de Justicia, 3 L.P.R.A. 136, establecen mecanismos administrativos para que un alegado deudor pueda presentar pruebas a su favor, defenderse y demostrar que los señalamientos contenidos en un informe de auditoría de la Oficina del Contralor son erróneos, es que se debe celebrar una vista.

El objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Si existen dudas sobre la existencia de una controversia de hechos éstas deben resolverse en contra de la disposición del caso vía sentencia sumaria. Ciertamente el mecanismo de la sentencia sumaria no es el medio adecuado a ser utilizado para tal fin.

En mérito a lo expuesto, concluimos que el Tribunal de Primera Instancia erró al determinar que el municipio era acreedor a los dineros alegadamente pagados en exceso conforme a los señalamientos de la Oficina del Contralor, contratos número 87-135 y 87-138-A, por existir controversia en cuanto a su determinación.

Por los fundamentos expuestos revocamos la *"Sentencia Sumaria"* emitida por el Tribunal de Primera Instancia el 31 de julio de 1998, y se devuelve el caso a dicho foro para procedimientos ulteriores consistentes con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General